(Reap. Dec. 10868)

BERBEN CORP. ET AL. *v.* UNITED STATES

Entry No. 767698, etc.

(Decided December 9, 1964)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper value for dutiable purposes of certain merchandise, imported from Italy, forms the subject of the appeals for reappraisement enumerated in schedule A, attached to and made a part of this decision.

The appeals before the court have been submitted for determination on a stipulation of fact by the parties hereto wherein it has been agreed as follows:

That the appeals for reappraisement listed in Schedule A, hereto attached and made a part hereof, are limited to the merchandise described on the invoices as pistols, shotguns, or rifles, with or without other words of description, and parts thereof and fittings therefor, and exported by the firm of Pietro Beretta, Italy.

That as to the pistols and parts thereof and fittings therefor, the issues are similar in all material respects to the issues involved in *Berben Corporation* v. *United States*, Reap. Dec. 10552, and that the record therein may be incorporated herein; that at the time of exportation of said pistols and parts thereof and fittings therefor, such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale in the United States; that at the time of exportation of said pistols and parts thereof and fittings therefor, the cost of production as defined in Section 402(f), Tariff Act of 1930, was the entered value.

That as to the shotguns and rifles and parts thereof and fittings therefor, said merchandise was entered after February 28, 1958, and that said merchandise

does not appear on the Secretary's Final List T.D. 54521; that at the time of exportation to the United States of the merchandise in question, the price at which such or similar merchandise was freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the entered value.

That the instant appeals are submitted for decision on the incorporated record and this stipulation.

Upon the record before the court and following the cited authority, I find and hold—

1. That cost of production, as that value is defined in section 402a (f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the pistols and parts thereof and fittings therefor in issue and that said value is represented by the entered value.

2. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra* (19 U.S.C. § 1401a(b)), is the proper basis of value for the shotguns and rifles and parts thereof and fittings therefor in issue and that said value is represented by the entered value.

Judgment will be entered accordingly.